■  MARILYN F. WILLIAMS, Respondent, v. ARTHUR R. WILLIAMS, Appellant. — Order, entered on October 23, 1964, granting plaintiff's motion pursuant to CPLR 325, subds. (a) and (b) to transfer the action from the Civil Court, New York County, to the Supreme Court and granting leave to serve an amended complaint, unanimously affirmed, with $30 costs and disbursements to plaintiff-respondent. The action, as originally commenced in the Civil Court, was to recover payments allegedly due under a separation agreement. The accrual of further sums alleged to be due, since the commencement of the action, brought the amount claimed beyond the $10,000 jurisdiction of the Civil Court. It was therefore appropriate to permit plaintiff to seek recovery of the entire amount alleged to be due in a single action in the Supreme Court. The only argument of any substance advanced by appellant is that the transfer of the cause will deprive him of the jurisdictional objection raised in the Civil Court based on his nonresidence. In view of respondent's concession in point III of her brief, that defendant will not be foreclosed from asserting the jurisdictional objection in the Supreme Court, appellant's asserted fears that the transfer will deprive him of that right no longer have any solid foundation. The right to urge the jurisdictional defect will be preserved despite the transfer, and, if eventually sustained, will be effective to undermine the action as transferred. Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.

■  EDMUND SALAMA, Respondent, v. VICTOR COHEN, Appellant. — Order, entered on or about September 4, 1964, denying defendant's motion to dismiss for lack of prosecution, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, and the motion granted, with $10 costs. The motion to dismiss was made on the ground of general delay and was not based on plaintiff's failure to serve and file a note of issue. Consequently, CPLR 3216 does not apply. (*Mulinos* v. *Coliseum Constr. Corp.*, 22 A D 2d 163; *Brown* v. *Weissberg*, 22 A D 2d 282.) The ground advanced for the delay has not been sustained; moreover, it does not justify the delay in prosecution of this action. Plaintiff's alleged desire to settle the case to avoid offending the defendant doctor, who was his friend and from whom he had been receiving psychiatric help, is not a legal justification for the delay. "That settlement negotiations have occurred between representatives for defendant and plaintiff is sometimes a reasonable excuse for not taking any particular action while the negotiations are pending. The excuse, however, ceases to have effect within a brief interval after the last communication." (*Sortino* v. *Fisher*, 20 A D 2d 25, 29.) There is no showing of any settlement negotiations prior to the instant motion. Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.

■  ANGELA TOMICH et al., Respondents, v. VICTOR COHEN, Appellant. — Order, entered on or about September 4, 1964, denying defendant's motion to dismiss for lack of prosecution, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, and the motion granted for the reasons set forth in *Salama* v. *Cohen* (23 A D 2d 482), with $10 costs. Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.